IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BIO TRUST NUTRITION, LLC | § | |
| | § | |
| V. | § | A-13-CA-884-LY |
| | § | |
| BIOTEST, LLC, MONSTEROPS, LLC, | § | |
| T NATION, LLC, AND | § | |
| THE TESTOSTERONE COMPANY, LLC | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' 12(b)(1) Motion to Dismiss, filed on December 3, 2013 (Dkt. #19); Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, filed on December 20, 2013 (Dkt. # 20); and Defendants' Reply, filed on January 3, 2014 (Dkt. # 25). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

I. GENERAL BACKGROUND

Plaintiff Bio Trust Nutrition, LLC ("Bio Trust") is a Colorado company that specializes in health nutritional supplements and food products and is the owner of U.S. Trademark Registration No. 4,388,890 for the mark of BIOTRUST NUTRITION for its nutritional supplements, which was registered on August 20, 2013. Defendant Monsterops, LLC ("Monsterops") is a provider of nutritional, fitness and weightlifting supplements for men. Monsterops is the owner of U.S. Trademark Registration No. 2,685,154 (registered on February 11, 2003) for the mark BIOTEST to denote its computerized online retail store services in the field of merchandise in the areas of

nutrition, fitness, and weightlifting for men.  Monsterops also owns U.S. Trademark Registration 3,986,256 (obtained on June 28, 2011) for the mark BIOTEST to denote its nutritional supplements.

On September 13, 2013, Monsterops filed a Petition to Cancel registration of Bio Trust's BIOTRUST NUTRITION mark on likelihood-of-confusion grounds with the Trademark Trial and Appeal Board of the United States Patent and Trademark Office ("TTAB"). See Exh. A-1 to Defendants' Motion to Dismiss.  After Monsterops filed its Petition to Cancel, the parties engaged in settlement discussions regarding the dispute.  Bio Trust alleges that during the settlement discussions it became apparent that Defendants objected to the use of BIOTRUST in any form, not just the registration of BIOTRUST NUTRITION.

On October 7, 2013, Bio Trust filed the above-styled lawsuit against Testosterone Company, LLC and its subsidiaries Biotest, LLC, Monsterops and T Nation, LLC (collectively "Defendants") under the Declaratory Judgment Act for a declaration of non-infringement, a declaration that Defendants had no right to cancel the registration of Bio Trust's mark, and a declaration of alter ego. On October 30, 2013, Defendants filed a Withdrawal of their Petition to Cancel, albeit without prejudice. See Exh. A-6 to Defendants' Motion to Dismiss.  On December 3, 2013, Defendants filed the instant Rule 12(b)(1) Motion to Dismiss arguing that this suit should be dismissed because it does not satisfy the "case or controversy" requirement of Article III of the Constitution, nor the mirror requirement of an "actual controversy" under the Declaratory Judgment Act.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject-matter jurisdiction as a defense to suit.  Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts

the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 133 S.Ct. 1523, 1528 (2013) (internal quotation marks omitted). There must be an actual controversy—that is, the plaintiff must have a personal stake in the outcome of the action-at all times. *Id.* If at any point the plaintiff lacks such an interest, the case is moot and must be dismissed. *Id.*

The burden of establishing subject-matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In evaluating a challenge to subject-matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject-matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

### III.  ANALYSIS

Defendants argue that this suit should be dismissed because it does not satisfy the "case or controversy" requirement of Article III of the Constitution, nor the mirror requirement of an "actual controversy" under the Declaratory Judgment Act. Specifically, Defendants argue that Bio Trust is attempting to base jurisdiction on a single petition to cancel registration (which has been withdrawn) which they contend is not sufficient to establish an Article III "case" or "controversy." Alternatively, Defendants argue that even if this court had subject matter jurisdiction over this dispute when Bio

3

Trust filed this lawsuit, any claims have become moot due to the parties' settlement negotiations and Defendants' withdrawal of its Petition to Cancel.

In response, Bio Trust contends that Defendants have continually objected to Bio Trust's unconditional use of the term BIOTRUST, not just the BIOTRUST NUTRITION mark, which was the subject of the TTAB Petition to Cancel.  Bio Trust emphasizes that it has also brought a claim for a declaration of non-infringement, among other claims which it contends is sufficient for jurisdiction.  While Bio Trust acknowledges that the parties have engaged in settlement negotiations, it contends that they have not settled their dispute.  Bio Trust contends that Defendants' withdrawal of its TTAB Petition to Cancel without prejudice "was merely an unsuccessful attempt to get Bio Trust to enter settlement, which Bio Trust rejected."  Plaintiff's Response at p. 2.

**A.     Is there a case or controversy in this case?**

As noted above, Bio Trust filed this lawsuit under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction. . .any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration..." 28 U.S.C. § 2201(a).  "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). While courts have not always drawn "the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement from those that do not," the Supreme Court has required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id*. "Basically, the question in each case is whether the facts

alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).[1] The declaratory judgment plaintiff must establish that the actual controversy requirement "was satisfied at the time the complaint was filed—post-filing conduct is not relevant." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

Applying the above-standard to the instant case, the Court finds that Bio Trust has established an "actual controversy" sufficient to establish federal jurisdiction in this case. While Defendants are correct that federal courts have declined to exercise jurisdiction based solely on a single TTAB proceeding,[2] this is not the situation in the case at bar. Bio Trust is not attempting to base jurisdiction on a single Petition to Cancel; rather, Bio Trust contends that its continual use of the term "BIOTRUST" is at the heart of this lawsuit. See Plaintiff's Response at p. 9 (this dispute "primarily concerns Bio Trust's right to use BIOTRUST as a trademark in interstate commerce"). Bio Trust points out that Defendants have explicitly demanded that Bio Trust cease and desist all use

---

[1] The Supreme Court in *MedImmune* rejected lower courts' previous requirement that a declaratory judgment plaintiff seeking to establish federal jurisdiction must demonstrate "a reasonable apprehension of imminent suit." *MedImmune*, 549 U.S. at 132 n. 11. Thus, courts now decide the question of jurisdiction in declaratory judgment actions by considering "all the circumstances." *Id.* at 127.

[2] *See, e.g.*, *Red Lobster Inns of America, Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 969 (5th Cir. 1975) (finding that opposition proceedings before the Patent and Trademark Office do not present an actual controversy as required the Act); *Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 125-6 (2nd Cir. 1963) (holding that the filing of an opposition in a local trademark registration proceeding is not by itself sufficient to confer jurisdiction); *Viña Casa Tamaya S.A., Oakville Hills Cellar, Inc.*, 784 F.Supp.2d 391, 395-97 (S.D.N.Y. 2011) (granting motion to dismiss after finding that there was no actual controversy where the dispute revolved around plaintiff's attempted registration, not *use* of the mark); *Progressive Apparel Group, Inc. v. Anheuser-Busch, Inc.*, 1996 WL 50227, at *4 (S.D.N.Y. 1996) (declining to exercise jurisdiction where the dispute concerned only the registration of a trademark and there was no threat of an infringement suit and the dispute was already before the TTAB). .

of the mark BIOTRUST. See Trudell Dec. at ¶ 5 (Dkt. # 21). Thus, "[i]t follows that Bio Trust's continued registration and use of the BIOTRUST NUTRITION, as well as the common law rights to BIOTRUST and the USPTO applications for and use of the marks BIOTRUST and BT BIOTRUST & Design, which all include the term BIOTRUST, would be objectionable to Defendants." Plaintiff's Response at p. 10. Because the dispute between the Parties in this case involves not just the registration, but the continued use of the mark BIOTRUST, the Court finds that this case satisfies the "case or controversy" requirement. *See, e.g., Blue Athletic, Inc. v. Nordstrom, Inc.*, 2010 WL 2836303, at *4 (D.N.H. July 19, 2010) ("[T]he combination of two demand letters and formal TTAB opposition on infringement grounds, all steeped in the language of trademark infringement, is sufficient to meet the *MedImmune* standard."); *Venugopal v. Sharadha Terry Products, Ltd.*, 2009 WL 1468462, at *4 (W.D.N.Y. May 22, 2009) (finding jurisdiction where the defendant asserted in cease-and-desist letter to plaintiff that it believes any use of the plaintiff's trademark would infringe on the defendant's use of its own trademark and subject plaintiff to liability for trademark infringement and unfair competition); *Floyd's 99 Holdings, LLC v. Woodrum*, 2009 WL 798804, at *5 (D. Colo. Mar. 24, 2009) ("The existence of [a TTAB] proceeding, coupled with the parties' extensive history of confrontation and negotiation concerning their competing marks and [the defendant's] prior threat of litigation, sufficiently demonstrates the existence of a case or controversy sufficient to support invocation of the Declaratory Judgment Act."). *See also, Viña Casa,* 784 F.Supp.2d at 395 (finding that the court did not have jurisdiction over the case where "[t]he dispute between Viña Casa and Dalla Valle centers on Viña Casa's attempted registration–not *use*–of the TAMAYA mark.") (emphasis in original). Based upon the foregoing, the Court finds that it has subject matter jurisdiction over this lawsuit.

**B.     Mootness**

Defendants further argue that even if the Court had jurisdiction at the time this lawsuit was filed, it no longer has jurisdiction over the case because "the parties agreed to a litigation standstill, in furtherance of which Monsterops withdrew its petition to cancel." Defendants' Motion at p. 9. While Bio Trust acknowledges that the parties have been in standard settlement discussions over the use of the term BIOTRUST, Bio Trust emphasizes that the parties have not entered a litigation standstill agreement in this case. In addition, Bio Trust argues that Defendants' withdrawal of the Petition to Cancel was without prejudice and has no effect on the unconditional use of the term BIOTRUST.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 726-27 (2013) (internal citations omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* at 727 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). However, the Supreme Court has recognized that a defendant cannot automatically moot a case simply by ending its unlawful conduct once it is sued. *Id.* "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id.* Accordingly, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

In *Already*, the Supreme Court held that a trademark invalidity action was moot after Nike issued a covenant not to sue and moved to dismiss all of its claims against the competitor with prejudice. The Court found that the covenant was unconditional and irrevocable and went beyond simply prohibiting Nike from filing suit, but also prohibited Nike from making any claim or any demand and covered any colorable imitations. The Court reasoned that a case is moot "if the court, considering the covenant's language and the plaintiff's anticipated future activities, is satisfied that it is 'absolutely clear' that the allegedly unlawful activity cannot reasonably be expected to recur." *Already*, at 729. In contrast to *Already*, Defendants have not issued a covenant not to sue in this case. In addition, while the Defendants withdrew its Petition to Cancel, it did so *without prejudice.*

Defendants further argue that "a defendant need not enter a formal covenant not to sue in order to moot a controversy; simple representation – such as a standstill agreement– that would quell a plaintiff's fear of suit is enough." Defendants' Motion at p. 10. In support of their argument, Defendants rely on *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350 (Fed. Cir. 2013), *cert. denied*,134 S.Ct. 901 (2014), in which a group of farmers, seed businesses, and related organizations brought an action seeking declaratory judgments that they were not infringing Monsanto's patents relating to transgenic seed, that those patents were invalid, unenforceable, and not infringed. While Monsanto did not issue a covenant not to sue, it published a statement on its website expressing "its commitment not to take legal action against growers whose crops might inadvertently contain traces of Monsanto biotech genes." *Id*. at 1357. Monsanto also made the same representations to the district court. Based upon these representations, the court concluded that "Monsanto has disclaimed any intent to sue inadvertent users or sellers of seeds that are inadvertently contaminated with up to one percent or seeds carrying Monsanto's patented traits," which was the subject of the lawsuit. *Id.* at 1358. Because Monsanto would be judicially estopped from arguing

8

a contrary position at a later date, the court found that the action did not satisfy the case or controversy requirement.

In contrast to *Monsanto*, Defendants have not made an explicit representation that unequivocally disclaims any intent to sue Bio Trust with regard to the use of the term BIOTRUST. Defendants have failed to demonstrate that the Parties have entered into an enforceable litigation standstill agreement with regard to the claims at issue in this lawsuit. Because Defendants have failed to demonstrate that "it is absolutely clear" that they would not enforce their trademark rights against Bio Trust in the future, there is still a controversy before this Court. Accordingly, this case is not moot and Defendants' Rule 12(b)(1) Motion to Dismiss for lack of jurisdiction should be denied.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **DENY** Defendants' Rule 12(b)(1) Motion to Dismiss (Dkt. # 19).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE